RUSSELL SHERIDAN BABCOCK
California Bar No. 99130
LAW OFFICE OF RUSSELL S. BABCOCK
1901 First Avenue, First Floor
San Diego, California 92101
russbab@gmail.com
(619) 531-0887

Attorney for Isabel Macias Perez

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

**HONORABLE MARILYN L. HUFF**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | Case No.: 3:23-CR-0154-H-1 |
| Plaintiff, ) | Date: October 16, 2023 |
| ) | Time: 9:00 a.m. |
| v. ) | |
| ) | |
| ELIZABETH SHERMAN, ) | SENTENCING MEMORANDUM |
| ) | |
| Defendant. ) | |

**I.**

**STATEMENT OF CASE**

On February 2, 2023, a two-count information was filed in the Southern District of California charging Elizabeth Sherman with 21 U.S.C. § 952 and and 18 U.S.C § 960, "Possession of Methamphetamne and Cocaine." On April 6, 2023 defendant pled guilty to both counts.

**II.**

**SUMMARY SENTENCING RECOMMENDATION**

Based upon the criteria enumerated under 18 U.S.C. § 3553(a) and for the reasons advanced in this memorandum below, the defendant respectfully requests this court impose a sentence of **no more than one year and a day custody and consider probation with alternatives to custody.**

## III.

## BACKGROUND

The offense conduct is accurately summarized in the Pre-Sentence Report ("PSR".)

Elizabeth Sherman had a loveless marriage before this offense. When an old boyfriend messaged her, she thought that her life had taken a turn for the better. She could be wined an dined in Tijuana, and her husband didn't even mind her nocturnal absences.

What Elizabeth didn't realize is that she was being groomed to be a drug mule. Soon her boyfriend began to be abusive with her, striking her at times and dominating her. She became very dependent. She knew that his family members were in the drug business but he assured her, "no Liz, I would never do that to you."

Well, in retrospect no surprise—he did. The road signs were all there, the fact that he had asked her to be a mule before, and she refused, and the "mechanic" borrowing the car the night before she returned to San Diego, laden with drugs in her vehicle–her Mercedes Benz.

Could she actually be that naive?, the answer is yes. The letters indicate how trusting Elizabeth is. She did not need money, nor was she being compensated. Elizabeth was the quintessential drug mule–blinded by her heart and naivete.

# IV

**THIS COURT SHOULD GRANT MS. MACIAS THE EQUIVALENT OF A TWO-LEVEL DEPARTURE FOR BEING A "ZERO POINT OFFENDER."**

A new Amendment to the U.S.S.G. is scheduled to go into effect on November 1, 2023. Subpart 1 of Part B of the amendment creates a new Chapter Four guideline at §4C1.1 (Adjustment for Certain Zero-Point Offenders). New §4C1.1 provides a decrease of two levels from the offense level determined under Chapters Two and Three for offenders who did not receive any criminal history points under Chapter Four, Part A and whose instant offense did not involve specified aggravating factors. In establishing new §4C1.1, the Commission was informed by its studies of recidivism among federal offenders, as well as other extensive data analyses of offenders with no criminal history points, and public comment.

Several judges of this District have been applying this reduction in the Guideline calculation by departure in fairness to defendants and also to avoid unnecessary continuances by defense counsel to receive the benefit of this departure.  Ms. Sherman is the "poster child" for this departure, having arrived at her adult age without obtaining any criminal history whatsoever.

Therefore, this Court should grant a further variance of two levels for Ms. Sherman's status as a "zero  point offender."

V.

**THE DEFENDANT RESPECTFULLY REQUESTS A TWO LEVEL DOWNWARD ADJUSTMENT UNDER USSG 3B1.2(B) FOR MINOR ROLE.**

    A.    <u>Applicable Law</u>

Section 3 B1.2 of the United States Sentencing Guidelines provides that a defendant's offense level shall be decreased if the person's role in the offense was minor. The guidelines specifically require courts to make individual fact-based determinations in each case. (USSG § 3B1.2 comment (backg'd).)

In § 3B1.2, the Sentencing Commission did not institute a unitary, 2-level reduction for a one-size-fits-all mitigated role. It specifically provided for a 4-level reduction for minimal participants at the lowest level of culpability, an intermediate level of a 3-point reduction for those whose role falls between minimal and minor, and only then a 2-level minor role reduction.

In deciding whether a defendant's conduct in the underlying offense should be viewed as minimal, the defendant's lack of knowledge or understanding of the scope and structure of the enterprise should be considered. (USSG § 3B1.2 comment (n.4).) A 2-level reduction for minor role should be implemented when a defendant is less culpable than most other participants, but whose role could not be described as minimal. (USSG § 3B1.2 comment (n.5).)

    B.    <u>Argument</u>

Defense counsel will not belabor this downward adjustment, because the role adjustment is not opposed by the government, even though it is very important that Elizabeth receive it because it will reduce the guideline calculations by six levels.

There is no indication that Elizabeth has ever smuggled narcotics before. There was no material found on her cell phone indicating that she planned this venture. And she had no knowledge about the structure of the DTO or any proprietary interest in the

- 4 -

1  narcotics.

# VI.

**A SENTENCE OF PROBATION AND ALTERNATIVES TO CUSTODY WILL RESULT IN A SUFFICIENT BUT NOT GREATER THAN NECESSARY SENTENCE UNDER U.S.C. 3553(a)**

A.   The sentencing framework:

Under 18 U.S.C. § 3661 "No limitation shall be placed on the information concerning the background, character and conduct of a person convicted of an offense which a court of the United States may receive and consider for the purpose of imposing an appropriate sentence."

B:   Sentencing Goals:

Under 18 U.S.C. § 3582(a) the court is directed to consider certain factors to determine the appropriate punishment, "recognizing that imprisonment is not an appropriate means of promoting correction and rehabilitation." Id. Under 18 U.S.C. § 3553(a) the court is directed to impose a "sentence sufficient, but not greater than necessary to comply with purposes [of sentencing]." Taken together §§ 3582(a) and 3553(a) reflect a clear Congressional preference for the least possible sentence, and for appropriate alternatives to incarceration.

C:   Statutory Factors Under 18 U.S.C.3553

The Congressional mandate of 18 U.S.C. § 3553, "sentencing criteria" provides in pertinent part:

(a) Factors to be considered in imposing sentence.-
the court shall impose a sentence sufficient, but not greater than necessary,
to comply with the purposes set forth in paragraph (2) of this subsection.

| | |
|---|---|
| 1 | The court, in determining the particular sentence to be imposed, shall |
| 2 | consider- |
| 3 | (1) the nature and circumstances of the offense and the history and |
| 4 | characteristics of the offense and the history and characterization of the |
| 5 | defendant; |
| 6 | (2) the need for the sentence imposed- |
| 7 | (A) to reflect the seriousness of the offense, to promote respect for the law, |
| 8 | and to provide just punishment for the offense; |
| 9 | (B) to afford adequate deterrence to criminal conduct; |
| 10 | to protect the public from further crimes of the defendant; and |
| 11 | . . . . . |
| 12 | (6) the need to avoid unwarranted disparities among defendants with |
| 13 | similar records who have been found guilty of similar conduct. |

**D. New Application Note And Preference For Non-Custodial Sentences With Non-Violent, Low Guideline Level Offenders."**

Subpart 2 of Part B of the amendment revises the Commentary to §5C1.1 (Imposition of a Term of Imprisonment) that addresses "nonviolent first offenders." New Application Note 10(A) provides that if the defendant received an adjustment under new §4C1.1 and the defendant's applicable guideline range is in Zone A or B of the Sentencing Table, **a sentence other than a sentence of imprisonment**, in accordance with subsection (b) or (c)(3), is generally appropriate. New Application Note 10(B) adds a corresponding departure provision providing that a departure, including a departure to a sentence other than a sentence of imprisonment, may be appropriate if the offender received an adjustment under new §4C1.1 and the applicable guideline range overstates the gravity of the offense because the offense of conviction is not a crime of violence or an otherwise serious offense.

The changes to the Commentary to §5C1.1 respond to Congress's directive to the

Commission at 28 U.S.C. § 994(j), directing the Commission to ensure that the guidelines reflect **the general appropriateness of imposing a sentence other than imprisonment in cases in which the defendant is a first offender who has not been convicted of a crime of violence or an otherwise serious offense**. The Commission determined that the revised commentary serves Congress's intent in promulgating section 994(j) while providing appropriate limitations and guidance through reliance on the criteria set forth in new §4C1.1 and the specific statutory language set forth in section 994(j).

### 1. Nature and Circumstances of Offense and Offender

#### a. The Offense

There is nothing aggravated about the offense conduct. To the contrary, this court should give strong consideration to the fact Elizabeth did not pre-plan this offense and did not have actual knowledge of the drugs in her No messages were found on her phone indicating that she believed she would be engaging in drug smuggling.

.

#### b. The History and Characteristics of Elizabeth

Absent the present offense, she has lived a blameless life. She has completely changed her life since her arrest by disassociating with the individual who put the drug in her vehicle and working one establishing a more healthy relationship withe her husband.

The reference letters from her family and friends chronicle the good person she is. She is described as a kind, affectionate, if not naive, and a responsible individual.

### 2. Just Punishment

Just punishment castigates an individual but does not impose more time than is sufficient to obtain penal goals.

Elizabeth will now be a life long convicted felon. The new guideline section discussed above indicates that this court should give serious consideration to a non-

- 8 -

1 | custodial sentence.

### 3. Similar Situated Defendants

This proposed sentence is commensurate to defendant's actions, her lack of a criminal record, and her unique circumstances of this case.

### 4. Deterrence and Protection of the Public

The public does not need to be protected from Elizabeth.

# VII
# CONCLUSION

While this event has devastated Elizabeth's life, some good has come from it. She now views love in a different way. It is no longer excitement, danger, or raw sex that defines intimacy. Her husband has stood by her throughout this event and has shown her the benefits of a long term, steady, love.

For the foregoing reasons, this Court should follow the defense sentencing recommendation and sentence Isabel to a non-custodial sentence. There is no gain from Elizabeth losing her job as a result of her misconduct. Alternatives sanctions should be imposed as described

The proposed sentence is sufficient to promote justice and deterrence and is also a sentence that is sufficient but not greater than necessary.

Dated: October 9, 2023        BY:    /s/ Russell S. Babcock
                                     Russell S. Babcock
                                     Attorney for Elizabeth Sherman