UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　　　　　Plaintiff,<br><br>v.<br><br>ELIZABETH SHERMAN (1),<br><br>　　　　　　　　　　　Defendant. | Case No.: 23-cr-00154-H-1<br><br>**ORDER DENYING MOTION TO REDUCE SENTENCE PURSUANT TO 18 U.S.C. § 3582(c)(2)**<br><br>[Doc. No. 40.] |

On January 31, 2024, Defendant Elizabeth Sherman, proceeding pro se, filed a motion to reduce sentence pursuant to 18 U.S.C. § 3582(c)(2). (Doc. No. 40.) On February 5, 2024, the Court referred Defendant's pro se motion to Federal Defenders pursuant to General Order No. 755 for review and the filing of a status report. (Doc. No. 41.) Federal Defenders's status report was due by February 20, 2024. (Id.)  For the reasons set forth below, the Court denies Defendant's motion to reduce sentence.

## Background

On February 2, 2023, the Government filed an information charging Defendant with: (1) one count of importation of methamphetamine (felony) in violation of 21 U.S.C. §§ 952 and 960; and (2) one count of importation of cocaine (felony) in violation of 21 U.S.C.

§§ 952 and 960.[1]  (Doc. No. 16.)  On April 6, 2023, Defendant, pursuant to a plea agreement, pled guilty before the Magistrate Judge to the two counts charged in the information.  (Doc. Nos. 20, 22, 25.)  On April 6, 2023, the Magistrate Judge issued his findings and recommendation, finding that Defendant's plea of guilty was made knowingly and voluntarily; Defendant was competent to enter a plea; and there was a factual basis for Defendant's plea, and recommending that this Court accept Defendant's guilty plea. (Doc. No. 23.)  On April 21, 2023, this Court adopted the findings and recommendation of the Magistrate Judge and accepted the Defendant's guilty plea to the two counts in the information.  (Doc. No. 26.)

On October 16, 2023, the Court held a sentencing hearing.  (Doc. No. 36.)  At sentencing, the Court calculated Defendant's total offense level as 27 and her criminal history category as I, resulting in a guidelines range of 70-87 months.  The Court then applied three downward departures pursuant to U.S.S.G. §§ 5K2.0 and 5K3.1 that resulted in a total downward departure of 10 levels.  One of the departures was a 2-level downward departure pursuant to U.S.S.G. § 5K2.0 for "zero-point offender."  The Court then sentenced Defendant to a custodial term of 12 months and 1 day followed by three years of supervised release. (Doc. Nos. 36, 37.)  The Court entered a judgment on October 17, 2023.  (Doc. No. 37.)  By the present motion, Defendant moves to reduce her sentence pursuant to 18 U.S.C. § 3582(c)(2) based on the new U.S.S.G. § 4C1.1, which contains an adjustment for certain zero-point offenders.  (Doc. No. 40 at 1.)

**Discussion**

I. **Legal Standards**

"'A federal court generally "may not modify a term of imprisonment once it has been imposed."'" United States v. Aruda, 993 F.3d 797, 799 (9th Cir. 2021) (quoting Dillon v. United States, 560 U.S. 817, 819 (2010); 18 U.S.C. § 3582(c)); accord United States v. Tadio, 663 F.3d 1042, 1046 (9th Cir. 2011); see also United States v. Barragan-

---

[1]   On February 2, 2023, Defendant waived indictment in open court.  (Doc. No. 17.)

Mendoza, 174 F.3d 1024, 1028 (9th Cir. 1999) ("[D]istrict courts do not have 'inherent authority' to reconsider sentencing orders."). "But this general rule is subject to several exceptions." United States v. Keller, 2 F.4th 1278, 1281 (9th Cir. 2021). One of those exceptions is found in 18 U.S.C. § 3582(c)(2), which provides:

> in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

District courts must engage in a "two-step inquiry" to determine if a sentence reduction is appropriate under 18 U.S.C. § 3582(c)(2). United States v. Brito, 868 F.3d 875, 879 (9th Cir. 2017) (citing Dillon, 560 U.S. at 826). "First, a district court must determine whether a prisoner is eligible for a sentence reduction under the Commission's policy statement in § 1B1.10." Id. (citing Dillon, 560 U.S. at 827). "Second, a district court must 'consider any applicable § 3553(a) factors and determine whether, in its discretion, the reduction authorized by reference to the policies relevant at step one is warranted in whole or in part under the particular circumstances of the case.'" Id. The Ninth Circuit has "called these steps the 'eligibility prong' and the 'discretionary prong.'" Id. (quoting United States v. Dunn, 728 F.3d 1151, 1157 (9th Cir. 2013)).

## II.  Analysis

In her motion, Defendant argues that she is entitled to a sentence reduction under 18 U.S.C. § 3582(c)(2) based on the new U.S.S.G. § 4C1.1. (Doc. No. 40 at 1.)

> The United States Sentencing Commission recently amended the Sentencing Guidelines to include what now appears in USSG § 4C1.1 ("zero-point provision"). See Amendment 821, Part B, Subpart 1. The zero-point provision provides a 2-offense-level reduction for certain offenders who present zero criminal history points and satisfy the criteria listed in USSG § 4C1.1(a). The United States Sentencing Commission made the zero-point provision retroactive beginning February 1, 2024.

United States v. Valenzuela, No. 114CR00188JLTSKO1, 2024 WL 281644, at *1 (E.D. Cal. Jan. 25, 2024).

       The Court declines to grant Defendant a sentence reduction based on the new U.S.S.G. § 4C1.1.  At sentencing, the Court gave Defendant a 2-level downward departure pursuant to U.S.S.G. § 5K2.0 for being a "zero-point offender."  Thus, Defendant has already received the benefit of a 2-level reduction for having zero criminal history points.  In light of this, the Court declines to grant Defendant a sentence reduction under 18 U.S.C. § 3582(c)(2) based on the zero-point provision set forth in § 4C1.1.  As a result, the Court denies Defendant motion to reduce sentence.

## Conclusion

       For the reasons above, the Court denies Defendant's motion to reduce sentence under 18 U.S.C. § 3582(c)(2).  The Court orders the Clerk of Court to mail a copy of this order to Defendant at her listed address of record.

       **IT IS SO ORDERED.**

DATED: February 21, 2024

                                                     MARILYN L. HUFF, District Judge
                                                     UNITED STATES DISTRICT COURT